Locke, Judge,
 

 delivered the opinion of the Court:
 

 The act of 1806, ch. 2, declares, “that the State shall be divided into six judicial circuits.: that a Superior ■Court shall be held at the court-house in, each county in the State, twice in every year ; which Courts shall have the same jurisdiction that the present Superior Courts of Law and Courts of Equity now have and exercise.” To ascertain the jurisdiction given by this act, we must examine the jurisdiction given by the preceding acts to the Superior Courts as they existed in the year 1806. The act of
 
 17770
 
 ch. 2, declares, “ that this State shall bo
 
 *444
 
 and is hereby divided into districts, that is to say, the districts of Wilmington, Newbcrn, Edenton, Halifax, jj¡ns|)0r0Ug]lj Salisbury, Morgan and Fayetteville, in each 0f vvhich a Court for the trial of causes, civil and criminal, shall he established, by the name of the Superior Court of Law in the district where the same shall be held, which shall have jurisdiction, Ac. of all pleas of' the State and criminal matters, of what nature, degree, or denomination soever, except that all indictments for assaults, batteries, and petty larcenies, and actions for slander, shall originate in the County Court,” &c. This act gives to the district Superior Court jurisdiction over all criminal offences committed within each of said districts. The counties of Iredell, Stokes, Rockingham, Guilford, Montgomery, Cabarrus, Mecklenburg and Rowan, composed the District of
 
 Salisbury;
 
 and any criminal offence committed in any one of these counties, was to be tried in the district of Salisbury ; and if the Superior Court, by the act of 180(3, has precisely the same jurisdiction, which before the act, the district of Salisbury had, it would follow that the offence charged in this case to have been committed in the' county of Mecklenburg, would be cognizable in the Superior Court of Cabarrus ; and the words of the act of 1806, are comprehensive enough to receive such a construction. But we cannot believe that the Legislature intended that the words should receive such a construction ; for it would be at variance with the object which they professed to have in view in passing the act, to wit, the convenience of suitors. The only evil of the district system complained of, was the distance which suitors and witnesses had to travel to the seat of
 
 justice;
 
 and to remove this evil, the Legislature declared that the people should have their business transacted in their own counties, where it would he convenient and easy for parties to attend. But if we give to the act the construction contended for, this object will be entirely defeated j for instead of bringing a err
 
 *445
 
 minal from the county of Rockingham to Salisbury for trial, he might be taken to Mecklenburg, or any other remote county which belonged to the district of Salisbury ; and the act which the Legislature passed for the convenience of the citizens, would be found inconvenient and oppressive. The Legislature intended to give to the several County Superior Courts, jurisdiction over the same offences and civil matters which the District Superior Courts had in 1806, limiting the territory within which that jurisdiction was to be exercised to the county in which the Court was held. In. all indictments, it must appear that the offence charged ivas committed within the territorial jurisdiction of the Court. It appears from the indictment in this case, that the riot charged, was committed in
 
 Mecklenburg;
 
 the Superior Court of Cabarrus cannot take jurisdiction of it. — The demurrer must be overruled, and the plea sustained.